Thank you. Mr. Gearing, am I pronouncing your name correctly? Perfectly, Your Honor. I'm sorry? Yep. And you preserve two minutes. Thank you. Good morning, Your Honors. Andrew Gearing on behalf of Defendant Appellate Jermaine Cannon. Jermaine Cannon was 18 years old at the time of the offense. Still an imposing sentence, the district court did not address or consider Mr. Cannon's youth at all. The court imposed a 162-month or 13-and-a-half-year sentence, consecutive to what would ultimately be an eight-year state sentence, resulting in an effective sentence of 21-and-a-half years. Okay. Can we start off with what standard of review you believe applies? I couldn't find any place in the record to note the objections you claim the district court committed. The government argued that this is plain error review. We're not conceding that it's plain error review, but I think it meets even that standard on that there is an error. The error is clear or obvious rather than subject to reasonable dispute. It affected Mr. Cannon's substantial rights, and it seriously affects the fairness, integrity, or public reputation of judicial proceedings. That said, as we noted in our reply – I think Judge Sack has a question. No, no. Every time I hear somebody mention the court, which I don't think anybody's ever relied on the court for, but I'm always amused by it because – oh, by the way, if it's unfair, I'm sorry. It's me remembering that part four being repeated over and over and over and over again and never relied on. It has nothing to do with your client, and I hope nobody takes any time off because I was remembering it. So one of the things that I'm struggling with is that while your brief makes reference to the district court's failure to consider the anticipated state sentence, I don't see you grounding that in any case law or guidelines provision. Are you saying that the district court was required to read with some muscularity 5G1.3C? How is that related to what your argument is? It almost is passing, and you seem to be focusing largely on the youth argument of it. The consecutive sentence is not the crux of our argument, but I think it is relevant because it goes to the overall length of the sentence, the amount of time that this real person will ultimately spend incarcerated. And I think the court may have misapprehended its authority to some extent. The court said, I'll leave it up to the state, but because Mr. Cannon was in primary state custody. No, but are you arguing that 5G1.3C is mandatory? I'm not sure what to make of the shall be imposed to run concurrently. What sort of force does that have? What obligation did it require the district court? It's a policy statement, Your Honor. We're not saying that it's mandatory. It's certainly up to the court's discretion as to whether to impose it concurrently or consecutively. And what does the record show as to whether or not the district court understood that it had discretion in that regard? I think that the district court statement, I'll leave it up to the state court. And before that, the district court says, I don't think that's my dot, dot, dot, ellipses. So the district court maybe didn't think that it had discretion. I mean, what does the record show? I don't think the district court understood that if it said nothing and if it didn't act, that by default the federal sentence would run consecutively to the state sentence, which is what happened here because Mr. Cannon was in primary state custody. He's now about three years into an eight-year state sentence. The federal sentence is five years away from even starting. Okay, so part of the challenge that I'm struggling with is if you just conceded that it was not mandatory, then what is the impact of the district court not considering it? Like, I thought you were going to say that it was required and, therefore, not considering it was required, but so that he didn't consider something that was optional? Like, how are we going to find plain error there? Nothing in the guidelines is strictly required because, again, it's a policy statement, but as far as fundamental fairness is concerned, I think the judge had to consider that real potential impact on the defendant. Of course, the court could not have anticipated exactly the length of the sentence, but I think it's error because of this misunderstanding. So what do you think is the best hook for that position? Is it Olmeta? I'm sorry, Your Honor? What is the case that you think is the best grounding for the idea that it would be plain error for the district court to not consider something that was optional? Judge, I would have to request supplemental briefing just because this issue was just— Really, I thought your answer would be it's United States v. Olmeta. Is that not the case that— What do you think Olmeta stands for? I agree, Your Honor. Well, what does Olmeta stand for? Again, this is not something I've briefed, but I would request the opportunity if it is important to the court to supplement our briefing on this point. You have two more minutes, sir. Are you going to use the— I would just like to focus on youth briefly, Your Honor. I think youth is an always-relevant offense characteristic. The Supreme Court has repeatedly made clear why youth is different, why youth matters. And in this case— The VA commitment cases that you cite on youth, though, those cases are about minors, aren't they? Not all of them, Your Honor. We cite Hernandez, which referred to a 22-year-old defendant in the resentencing context. And I think that the reduction in sentence case law that has developed has done a lot to extend that reasoning beyond minors to defendants in their early or mid-20s. I'm just thinking, you know, what is the rule that you want this panel to issue to district courts? When do district courts have to consider the age of the offender? Youth is kind of a—I mean, you know, when you're dealing with minors, people under 18, that's a bright line. That's pretty easy, you know, for courts to understand. But when you say that district courts have to consider youth in sentencing, what are the district courts going to—I mean, 25, 29? What rule are you asking this court to issue? In this case, for this defendant, Your Honor, 18. But I think that the court's failure to consider youth has to be considered in the light of its overarching, explicit statement that nothing could mitigate this defense. The district court mentioned certain mitigation arguments not to weigh them but to dismiss them, not to grapple with them but to disclaim them. And I think the transcript is here clear that the court said, I think it has to be clear to you and others that you cannot mitigate the conduct that we've seen in this case. That is the most alarming and concerning aspect of the sentencing that prompted this appeal in the first place. The court also said, I would not consider under any circumstances a departure based on your personal history and characteristics. The court didn't say, I wouldn't grant a departure. I've considered your arguments for departure, and I'm not going to grant them. The court said, I would not consider them. It's this automatic, axiomic statement about this offense being so heinous that mitigation doesn't matter and the failure to mention youth for an 18-year-old defendant that makes this a procedural error. An 18-year-old defendant who I gather had held up the same store multiple times in a very short period of time. That's what we're talking about. Your Honor, my client pled guilty to five counts of Hobbs Act robbery, and so the guidelines incorporated the fact that there were five separate offenses and five separate robberies. It's a remarkable set of facts. You may be right, but in your discussion of it, somehow I didn't hear come through the fact that this defendant, whatever his age, this defendant had done an extraordinary thing of robbing the same store armed in a short period of time five times. It's there, that's all. I agree, Your Honor. It's an unusual circumstance. It probably indicates why the case, although a state case was picked up several months later and prosecuted by the federal government in the first place, it's probably why the federal government insisted on the defendant pled to a seven-year mandatory minimum, and I think that that is a sufficient penalty for someone with no criminal history, criminal history category one with zero criminal history points. Thank you. We'll hear from you on rebuttal. Good morning. May it please the Court. There was no error here, let alone plain error, which is the standard of review under Bill of Rights. Thank you, Your Honor. Jermaine Cannon robbed the same convenience store in New Haven at gunpoint five times. What is your position on the applicability of 5G13C? The policy statement that the sentence shall run consecutive, or excuse me, concurrent. Yeah, what is the government's position on it? I noticed you guys were conceding that it was relevant, but you didn't tell me what you think that that means and what are folks supposed to do. That the court should take it into account, but it's not mandatory. The guidelines are not mandatory. The court should take it into account in fashioning the appropriate sentence, which is exactly what the court did here. Should or most? I'm sorry? Should take into account or must take into account? I mean, you know, it's up to the court, I guess, to assign whatever weight it wants to if it does take it into account. But you said should take it into account. Yes, Your Honor. The court, I guess, must take into account. But let me just clarify something with respect to the state cases here. At the time of the federal sentencing, Mr. Cannon had not been convicted of any of the numerous pending state cases. There was nothing in the record before Judge Thompson to give him any indication what sentence was anticipated or what crime he would be sentenced for in state court. Under those circumstances, it's entirely within Judge Thompson's discretion to allow the state court to resolve the state cases with the full knowledge of what the federal sentence would be. Why does that matter? Because, I mean, he knew that there were pending state cases. And if he thought that it needed to be running consecutively or concurrently, he could have said it will happen irrespective of what the number is that the state did. Why does that matter? It would matter because it would allow – the judge doesn't have the information, Judge Thompson in this case, would not have had the information about what the state sentence would be for what the conduct, whether it was relevant. But why does having to know – So there was – let me just clarify another thing. There is a state charge for possession of a firearm, which was a firearm used in – our position was it was a firearm used in the five robberies. I don't know if that's borne out in the record. That would be our position. There were also numerous pending state cases for completely unrelated conduct, violent domestic violence cases. So there were numerous possible outcomes on the state side that were not before Judge Thompson, for example. The state could have nullied the firearm charge and only proceeded on the unrelated domestic violence charges. Judge Thompson had none of that before him in this case. All they had before him were the five violent armed robberies. And it was entirely within his discretion to allow the state court proceedings to move forward after the federal sentence. And the state judge in this case would then have the full knowledge of what happened in the federal case and fashion the state sentence appropriately. So I mean – Go ahead. Is your position that the district court at sentencing only has to take into account the state sentence when that sentence has already happened? I don't – I'm not – is that what you're saying? Has it already been issued? I guess I'm having a hard time understanding how the federal judge would take into account a sentence on the state side that hasn't been imposed. Just by saying it's going to be concurrent or consecutive to any state sentence that's imposed. Because it's about the same underlying course of conduct. But we don't – we wouldn't have known in this case whether it was related conduct or not. But you at this point concede that it is, right? The state court resolved one offense that was related conduct, the firearm charge. The state court also resolved unrelated domestic violence cases, a strangulation, a failure to appear. None of this was borne out before Judge Thompson. It was all up in the air what would happen in the state court. Defense counsel did not proceed by explaining what the state court resolution would be. I'm not even sure if that was resolved at the time of the federal sentencing. Under those circumstances, it's entirely appropriate for Judge Thompson to proceed as he did, which is to leave it up to the state court to decide. With respect – unless there's any other questions on this, I'll move on to the issue of state. I'm sorry. Can you just tell me where in the record you think best illustrates the uncertainty of what the state crimes was? Do you know, like, where – you gave us a lot of paper. In terms of what was before Judge Thompson, there was – I was under the impression, quite candidly, that it was known that there was a related state gun charge. I missed, to the extent to which it's in the record, that there were these unrelated domestic violence charges. So I want to be able to go assess what you're telling me. Where in the record can I find those unrelated ones? It's in the pre-sentence report, Your Honor. It's under – it's S.D. Okay. I know where the pre-sentence report is. Yes, Your Honor. There's a whole host of pending cases that describe the defendant's unrelated domestic violence incidents that were before the state court at the time. Those were pending at the same time as the firearm charge that was – Thank you. We appreciate that. Our position is that Judge Thompson also took into account Mr. Cannon's age. Although he didn't specifically reference Mr. Cannon's age in his explanation for why he rejected the mitigating arguments at the time of sentencing, after weighing him against the aggregating factors, it was very clear to Judge Thompson that Mr. Cannon was 18 at the time he committed the offense. It was in the pre-sentence report. It was in the first sentence of the defendant's sentencing memorandum. It was just borne out in the counsel's sentencing arguments. Judge Thompson was well aware of the defendant's age and rightfully took it into account when fashioning the appropriate sentence. What your friend on the other side is saying is that Judge Thompson said that he refused to consider it. Is that not a fair reading of the sentencing transcript? No, it's not. My friend on the other side cherry-picks discreet remarks that Judge Thompson made when explaining his sentence to support his contention that the court did not consider mitigating arguments presented at sentencing. But when read in context, those statements, which were made while explaining the court's rejection of specific mitigating arguments that Cannon presented, shows that Judge Thompson weighed the mitigating arguments and weighed those factors against the aggravating factors and found them to be unpersuasive. If district court had said at sentencing, I refuse to consider, the conduct is so bad here, that I refuse to consider the history and characteristics of the defendant in sentencing. That's error, right? Yes, Your Honor. Okay. And age is one of the characteristics of a defendant. Certainly. So a court has to consider the age of the defendant then? The court has to consider the history and characteristics of the defendant. And I would think that age would fall under that category. I don't know that it would always be a mitigating factor. But certainly when Judge Thompson said that he took into account Mr. Cannon's history and characteristics, that would include his age. So it sounds maybe like there isn't that much daylight between the two of you, that you think that it's something that a district court has to consider, but that here your view is the record shows that Judge Thompson did consider his age and just decided that it wasn't something that would change the sentence. Yes, Your Honor. We believe that Judge Thompson took into account the defendant's age. Now, if the defendant had made a sentencing argument or submitted a sentencing memoranda that looked anything like the appellate brief, that raised age as a main issue in sentencing, perhaps Judge Thompson's sentencing remarks would have focused more particularly on age. But that wasn't really a major issue presented to Judge Thompson at the time of sentencing. Can I ask you if I can move on? I want to know what you think our precedent O'Meba and O'Heda stand for. I'm sorry, Your Honor. Off the top of my head, I can't address those two cases.  Your Honors, unless there's any additional questions, we'll rest on our brief. We ask that you affirm the district court. Thank you, Your Honor. Your Honors, my brother counsel says the district court doesn't have to mention the defendant's age, that it's enough. The district court said it read the PSR and the sentencing memos. And, of course, the defendant's age and his height and weight are always in the PSR. But I do think that more is required for something that essential for an 18-year-old defendant who is looking at more than 10 years in prison in this case. I think we want judges to meaningfully consider key arguments and facts, including extreme youth. We want them to weigh them. We want them to grapple them. We want them to consider them. I'm sorry, would this be extreme youth? The person was 18, not a juvenile. It's extraordinarily rare for an 18-year-old defendant to be sentenced in federal court for any offense. I think sentencing commission statistics bear that out. I don't know off the top of my head the average age of the federal criminal defendant, but I think it's in 20s or 30s. And I rarely see defendants who are 18 years old. All the judge had to say here is that they considered the defendant's youth and that it's outweighed by other factors. But the district court didn't meet that very low bar. There was no actual weighing here. Instead, the district court said the conduct was so heinous that it's unmitigable. And the district court's comments about unmitigable comment, unmitigable offense conduct are so extreme, so unacceptable, so out of the ballpark here that we're asking for reversal. It's an exceptional case where the district court categorically disclaimed the relevance of mitigating factors and refused to conduct the balancing that was required under the law. Well, the other quote that you pointed to earlier was that the district court said that it would not consider under any circumstances a departure based on the defendant's history and circumstances. Not that the court wasn't considering the defendant's history and circumstances. It's just that the court wouldn't consider, I think the court meant a variance rather than a departure, but going below the guidelines based on those arguments. Isn't that what the district court said? I think that the first statement that I mentioned, that you cannot mitigate the conduct, was not necessarily specific to a departure or variance. The second one that you mentioned, yes, referred to a departure or variance. But I think that reasoning certainly affected the court's consideration on where to send the defendant within the guidelines once it had decided automatically that it would not consider a variance or departure. Just that quote that I referenced and that you were just talking about doesn't seem quite that clear, that the district court was saying I'm not going to consider the defendant's characteristics, just that I'm not going to, the more natural reading sounds to me like I'm not going to, on the basis of those characteristics, consider going below the guidelines, which I think is not error, although you correct me if you think that that's what I just said is wrong. No, Your Honor, I think that statement alone is not error. I think in the complete context of what the court stated, and particularly with reference to that other statement that it has to be clear to you and others that you cannot mitigate the conduct that we've seen in this case, it is error. Okay. My colleagues have no more argument. I take it under advisement. That concludes everything on our calendar for today. I will ask the Courtroom Deputy to adjourn us.